# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

MICHAEL J. HOWARD,

        Petitioner,     :     Case No. 1:19-cv-274

  - vs -                            District Judge Matthew W. McFarland
                                     Magistrate Judge Michael R. Merz

WARDEN,
  Pickaway Correctional Institution,

                                  :
        Respondent.

## REPORT AND RECOMMENDATIONS

This habeas corpus case, brought *pro se* by Petitioner Michael Howard under 28 U.S.C. § 2254, is before the Court for decision on the Petition (ECF No. 3), the State Court Record (ECF No. 8), the Return of Writ (ECF No. 9), and the Petitioner's Reply (ECF No. 14).

Although the case was assigned on filing to District Judge Susan Dlott, it was transferred to District Judge Matthew McFarland upon his assuming office. The Magistrate Judge reference of the case was recently transferred to the undersigned to help balance the Magistrate Judge workload in the District. Final decision of the case remains with Judge McFarland.

**Litigation History**

Howard was indicted on July 16, 2015, on one count of trafficking heroin (Count 1); one count of trafficking cocaine, (Count 2); one count of possession of heroin (Count 3), and one count of

1

possession of cocaine (Count 4). After denial of his motion to suppress, Howard pleaded guilty on January 6, 2016, to counts three and four; sentencing was set for February 17, 2016. Howard was released on bond pending sentencing, but later tested positive for ingestion of marijuana and fled to Nevada where he was apprehended. Upon return to Ohio and represented by new counsel, he moved to withdraw his guilty plea. The trial judge denied the motion and sentenced Howard to nine and one-half years imprisonment.

Howard appealed to the Fourth District Court of Appeals, raising three assignments of error, to wit, that the trial judge had abused his discretion in denying withdrawal of the guilty plea, imposing the maximum sentence, and denying the motion to suppress. However, the trial court was affirmed. *State v. Howard*, 2017-Ohio-9392 (Ohio App. 4th Dist. Dec. 28, 2017), appellate jurisdiction declined, 152 Ohio St. 3d 1481 (2018).

Howard then filed his Petition in this Court, pleading the following grounds for relief:

> **Ground One**: The trial court failed to give proper consideration and abused its discretion in denying Appellant's motion to withdraw his guilty plea.
>
> **Supporting Facts:** In this instant case the petitioner submitted his Motion to Withdraw Guilty plea prior to sentencing. Which pursuant to the Ohio Supreme Court and the United States courts the petitioner should have been allowed to withdraw his plea. The petitioner testified that he was coerced to pleading guilty to the charges and had no option but plea guilty. Moreso the petitioner was claiming that the prior trial counsel was ineffective. There are factors that the trial court was to consider in weighing in the consideration of the petitioners presentence withdraw guilty plea. If the trial court would have properly considered those factors that trial court would have freely and liberally granted said motion.
>
> **Ground Two**: The trial court abused its discretion by sentencing Appellant to the maximum time allowed by law.
>
> **Supporting Facts**: Petitioner's sentence is clearly contrary to established law. The trial court abused its discretion by not following the precedents set forth by the state & federal rulings.

>**Ground Three**: The trial court abused its discretion in overruling Appellant's motion to suppress.
>
>**Supporting Facts**: The petitioner submits that the trial court clearly miss-applied well established federal law/precedent. The investigatory stop of the petitioner was not supported by probable cause and was unreasonable. This was a clear violation of the petitioner's Fourth & Fourteenth Amendment rights.

(Petition, ECF No. 3, PageID 44, 46-47).

# Analysis

**Standard of Review**

Howard has pleaded each of his Grounds for Relief as involving an "abuse of discretion" by the trial judge. This Court is not authorized to review state convictions on that basis because a state court judge does not violate the United States Constitution by abusing his or her discretion. *Sinistaj v. Burt,* 66 F.3d 804 (6th Cir. 1995).

Nevertheless as a *pro se* litigant Howard is entitled to a liberal construction of his pleadings. 2d 485 (6th Cir. 1990). *Haines v. Kerner*, 404 U.S. 519 (1972); *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). To achieve that end, the Magistrate Judge will read the Petition as directly asserting violations of the Constitution. For example, the Magistrate Judge reads Ground One as claiming the state courts denied Howard due process of law by not permitting withdrawal of the guilty plea.

3

**Ground One:  Withdrawal of Guilty Plea**

There is no constitutional right to withdraw a guilty plea.  Although both the Ohio and Federal Rules of Criminal Procedure provide for a motion to withdraw a guilty plea prior to sentencing, neither of those rules is enforcing a constitutional requirement.

However there is a constitutional right not to be convicted on a guilty plea unless that plea is knowingly, intelligently, and voluntarily made.  *Brady v. United States,* 397 U.S. 742, 748 (1970); *Boykin v. Alabama*, 395 U.S. 238, 242-44 (1969); *Abdus-Samad v. Bell*, 420 F.3d 614, 631 (6th Cir. 2005); *King v. Dutton*, 17 F.3d 151 (6th Cir. 1994); *Riggins v. McMackin*, 935 F.2d 790, 795 (6th Cir. 1991); *Berry v. Mintzes,* 726 F.2d 1142, 1146 (6th Cir. 1984).  The determination of whether this plea was intelligently made depends upon the particular facts and circumstances of each case.  *Johnson v. Zerbst,* 304 U.S. 458, 463 (1938); *Garcia v. Johnson*, 991 F.2d 324, 326 (6th Cir. 1993).

> A plea of guilty entered by one fully aware of the direct consequences, including the actual value of any commitments made to him by the court, prosecutor, or his own counsel, must stand unless induced by threats (or promises to discontinue improper harassment), misrepresentation (including unfulfilled or unfulfillable promises), or perhaps by promises that are by their nature improper as having no proper relationship to the prosecutor's business (e. g. bribes).

*Brady,* 397 U.S. at 755.

The Fourth District Court of Appeals considered whether Howard's plea was constitutional or not when deciding the First Assignment of Error.  It held:

> [*P3] On January 6, 2016, appellant agreed to plead guilty to possession of heroin (a second-degree felony) and possession of cocaine (a fourth-degree felony), both in violation of R.C.

4

2925.11(A). At the change of plea hearing, the trial court initially noted:

> The record should further reflect that it's a negotiated plea, pursuant to Section 2953.08(D) and Criminal Rule 11(F), that as long as [appellant] abides by his conditions of bond when he returns here for sentencing February 17 * * * he'll receive a four year mandatory prison term [for the possession of heroin offense], and on the [possession of cocaine offense], an 18 month prison—non-mandatory prison term, for a total of five—five and a half years. If he fails to abide by his conditions of bond he'll receive a nine and one half year prison term.

Both defense counsel and appellant concurred that the court accurately recited their understanding of the agreement.

 [*P4]  The trial court asked appellant if he understood that "by proceeding in this fashion, * * * you're waiving your right to appeal[.]" Appellant indicated that he understood. The court observed that appellant had signed a document entitled, "Waiver," and questioned appellant whether he signed the Waiver. Appellant responded affirmatively. The document indicates that the court advised appellant of the charges against him, the penalty provided by law, his rights under the constitution, including the right to a jury trial, the right to confront witnesses, the right to compulsory process, and the right to require the state to prove his guilt beyond a reasonable doubt. The document additionally recites that "[n]o promises, threats or inducements have been made to me by anyone to secure my plea of guilty."

 [*P5]  In addition to asking appellant about the written form, the trial court verbally questioned appellant whether he understood that pleading guilty waives his right to a jury trial, his right to confront witnesses, his right to compulsory process, and his right to require the state to prove his guilt beyond a reasonable doubt. Appellant responded that he understood and further stated that he understood that he could not be made to testify against himself.

 [*P6]  The trial court next reviewed the maximum penalties and informed appellant that a fourth-degree felony carries a maximum prison term of eighteen months and a $5,000 maximum fine, and that a second-degree felony carries a maximum prison term of eight years and a $15,000 maximum fine. Appellant indicated that he understood the maximum penalties. Appellant also signed two documents entitled, "Maximum Penalty." One document outlined

the maximum penalty for appellant's possession of cocaine offense, and the other set forth the maximum penalty for appellant's possession of heroin offense.

[*P7] After the trial court explained post-release control, the court asked appellant if he was "satisfied with the efforts of [his] lawyer." Appellant answered, "Yes." The court asked appellant: "Other than what's been stated on the record here today, has anybody made any additional promises, threats, or inducements in order to get you to change your plea to guilty?" Appellant responded, "No."

[*P8] The trial court next asked appellant, "how do you plea?" Appellant answered, "No contest." Defense counsel interjected, "Guilty." The trial court stated, "No, that won't get it." Appellant then stated, "No, guilty. Guilty." The court again asked him his plea, and appellant stated, "Guilty."

[*P9] The trial court subsequently accepted appellant's guilty plea and scheduled the sentencing hearing for February 17, 2016.

[*P10] However, prior to the sentencing hearing, appellant took a drug test, tested positive for THC and fled the jurisdiction. Appellant later was apprehended in the State of Nevada.

[*P11] On June 23, 2016, appellant, through new counsel, filed a motion to withdraw his guilty plea. He claimed that when he entered his guilty plea, "he was in distress * * *, acted out of fear and panic, was confused in his thought process, and prematurely entered a guilty plea." Appellant contended that "his judgement was impaired when he entered his guilty plea [due] to emotions of fear, panic, and confusion." He asserted that "he did not have any other choice but to accept a plea deal in this case, despite significant misgivings about accepting the same." He thus argued that his plea was not knowing and voluntary.

[*P12] On June 23, 2016, the trial court held the sentencing hearing. The court noted that appellant did not appear as scheduled for the February 17, 2016 sentencing hearing. The court pointed out that appellant appeared late, tested positive for THC, and fled the jurisdiction.

[*P13] Before the trial court proceeded with the sentencing hearing, defense counsel addressed appellant's motion to withdraw his guilty plea. Appellant's counsel asserted that appellant will testify that

6

>>he was basically told he had no option but to plea, that he was scared into this. He was confused, and therefore, that's why he did. * * * He's explained to me the full background of what happened. So he feels as though there are many legitimate grounds to grant a withdraw[al] of his plea based on his prior interactions with his previous counsel.

>[*P14] Appellant took the stand and testified that he tried to plead "no contest," but the court would not allow it. Appellant spoke with his counsel, and counsel informed him that he has "to enter a guilty plea. That was part of the deal." Appellant stated that he believed that he should be permitted to withdraw his plea because his previous defense counsel pressured him to accept the state's plea offer. Appellant claimed that his previous counsel stated:

>>"This is the best deal. I've seen people" * * * get more for less. Take this deal. You know, if you want to see your daughter, you want to get [***7] out, take this deal. And I was just like, what, I couldn't believe it like the amount of evidence that was—that was being held against me or whatever and by me never being in prison, never, you know, I just couldn't understand it. He was like, "Well, take it or you're going to get eight years or something."

>[**115] Appellant stated that he "was scared like shit" and did not believe that he really had a choice.

>[*P15] The state cross-examined appellant and asked him whether he wished to withdraw his plea because he believes "the sentence [he] agreed to was too harsh." Appellant responded, "Not necessar[il]y too harsh[;] it was just I was coerced into believing that I have no other option."

>[*P16] After consideration, the trial court overruled appellant's motion to withdraw his guilty plea and found that appellant had entered his guilty plea in a knowing, intelligent, and voluntary manner.

*Howard*, 2017-Ohio-9392.

Recounting the factors Ohio courts consider on motions to withdraw pleas, the Fourth District noted that Howard claimed, *inter alia*,

>(1)the state will not suffer prejudice if appellant is allowed to withdraw his plea (2) appellant's counsel was deficient because appellant was coerced

7

> and forced to take a plea, (3) the Crim.R. 11 hearing was sufficient, . . . (7) the reason for the motion was that appellant's trial counsel coerced him into accepting the plea, (8) it is uncertain whether appellant fully understood the nature of the charges and the sentence, and "he was confused by what plea he was * * * allowed to enter," and (9) "Appellant had defenses to the charges against him as this was a constructive possession case and Appellant only admitted to knowledge of the marijuana in the vehicle."

*Id.* at ¶ 25. It noted that Howard's testimony at the withdrawal hearing was directly contrary to his testimony at the plea colloquy that he was not being coerced and was satisfied with his attorney's performance. *Id.* at ¶¶ 27-31. While Howard claimed he did not fully understand the charges,

> Appellant signed a written document stating that the court had advised him of the nature of the charges and the maximum penalties. Appellant signed additional documents that specifically set forth the maximum penalties applicable to each offense. At the plea hearing, the court asked appellant if he understood the maximum penalties the court could impose, and appellant stated that he understood.

*Id.* at ¶ 40.

Considering the totality of the circumstances, the Fourth District overruled Howard's First Assignment of Error, concluding:

> [T]his appears to be "a classic change of heart case." [citations omitted] We again point out that appellant did not seek to withdraw his guilty plea—or claim that he was confused whether he could enter a no-contest plea—before the originally scheduled February 17, 2016 sentencing date. Instead, appellant did not file his withdrawal motion until six months after the change of plea hearing. In the interim, appellant violated the conditions of his bond and fled the jurisdiction. Appellant filed his withdrawal motion immediately before the rescheduled sentencing hearing. These factors strongly suggest that appellant's plea withdrawal motion was a last-ditch attempt to avoid the harsher prison sentence he faced for violating the conditions of his bond.

*Id.* at ¶ 44.

When a state court decides on the merits a federal constitutional claim later presented to a

federal habeas court, the federal court must defer to the state court decision unless that decision is contrary to or an objectively unreasonable application of clearly established precedent of the United States Supreme Court. 28 U.S.C. § 2254(d)(1); *Harrington v. Richter*, 562 U.S. 86, 131 S. Ct. 770, 785 (2011); *Brown v. Payton,* 544 U.S. 133, 140 (2005); *Bell v. Cone*, 535 U.S. 685, 693-94 (2002); *Williams (Terry) v. Taylor,* 529 U.S. 362, 379 (2000). Deference is also due under 28 U.S.C. § 2254(d)(2) unless the state court decision was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

The Magistrate Judge concludes the Fourth District's decision on the merits of the guilty plea claim is not an objectively unreasonable application of clearly established Supreme Court precedent. Where a defendant is "fully aware of the likely consequences" of a plea, it is not unfair to expect him to live with those consequences. *Mabry v. Johnson*, 467 U.S. 504, 511 (1984). A plea-proceeding transcript which suggests that a guilty or no contest plea was made voluntarily and knowingly creates a "heavy burden" for a petitioner seeking to overturn his plea. *Garcia v. Johnson*, 991 F.2d 324, 326–28 (6th Cir. 1993). Where the transcript shows that the guilty or no contest plea was voluntary and intelligent, a presumption of correctness attaches to the state court findings of fact and to the judgment itself. *Id.* at 326–27.

Howard's claim of coercion is especially unpersuasive. He claims he had no choice but to accept the plea. Of course he had a choice: he could have insisted on going to trial on all the indicted charges, the trafficking counts as well as the possession counts. That would not have been a good choice because he would have faced more severe penalties for trafficking than possession if convicted. As a defendant in a drug case who had lost his motion to suppress, Howard apparently did not have any really wonderful choices, but he does not suggest any off-record coercion applied to him by anyone. A defendant in those circumstances, offered a plea agreement that his counsel

9

recommends and an agreed sentence, faces hard choices, but that does not amount to unconstitutional coercion.

The Fourth District's decision on the guilty plea is entitled to deference under 28 U.S.C. 2254(d)(1) and (2). On that basis, Howard's First Ground for Relief should be dismissed with prejudice.

**Ground Two: Unlawful Sentence**

In his Second Ground for Relief, Howard claims he was unconstitutionally sentenced to the maximum sentence allowed by Ohio law.

In his Traverse, Howard does stipulate that the sentence imposed was within the maximum allowed by Ohio law: eight years for heroin possession (Count Three) and eighteen months for the cocaine possession (Count Four)(ECF No. 14, PageID 284).

Howard claims he never agreed to a sentence of nine and one-half years. *Id.* at PageID 285. However, the Fourth District found as a matter of fact, based on the record made in the trial court, that this sentence was agreed on if Howard was found to have violated the conditions of his bond pending sentence. *Howard*, 2017-Ohio-9392 at ¶ 50. It is undisputed that he did so, consuming marijuana and fleeing the State of Ohio.

Howard claims here that the agreed sentence cannot stand because it is the product of judicial misconduct, to wit, participation in the plea negotiations by the trial judge (Traverse, ECF No. 14, PageID 284). That claim is procedurally defaulted because it was not made in the Fourth District Court of Appeals. Moreover, there is no flat prohibition on such participation under the Due Process Clause.

Howard next argues that the eight year sentence for heroin possession is not authorized by law (Traverse, ECF No. 14, PageID 285). However, the Fourth District Court of Appeals held it was an authorized sentence and on this question of Ohio law, the Court is bound by the state court's interpretation. *Bradshaw v. Richey*, 546 U.S. 74 (2005).

As the Second Ground for Relief, Howard concludes[1] by asking for an evidentiary hearing on this claim. However, this Court is bound to decide the claim on the basis of the facts before the state courts. *Cullen v. Pinholster*, 563 U.S. 170 (2011).

Therefore Howard's second Ground for Relief should be dismissed on the merits.

**Ground Three: Denial of the Motion to Suppress**

In his Third Ground for Relief, construed without the "abuse of discretion" limitation, Howard urges that his Fourth Amendment rights were violated by the seizure of evidence against him and the trial court should have granted his motion to suppress.

Federal habeas corpus relief is not available to state prisoners who allege they were convicted on illegally seized evidence if they were given a full and fair opportunity to litigate that question in the state courts. *Stone v. Powell,* 428 U.S. 465 (1976). *Stone* requires the district court to determine whether state procedure in the abstract provides full and fair opportunity to litigate, and Ohio procedure does. The district court must also decide if a Petitioner's presentation of claim was frustrated because of a failure of the state mechanism. Habeas relief is allowed if an unanticipated and unforeseeable application of a procedural rule prevents state court consideration of merits. *Riley v. Gray*, 674 F.2d 522 (6th Cir. 1982). The *Riley* court, in discussing the concept

---

[1] Howard raised a merger of allied offenses argument in the Fourth District, but does not plead that claim in habeas.

11

of a "full and fair opportunity," held:

> The mechanism provided by the State of Ohio for resolution of Fourth Amendment claims is, in the abstract, clearly adequate. Ohio R. Crim. P. 12 provides an adequate opportunity to raise Fourth Amendment claims in the context of a pretrial motion to suppress, as is evident in the petitioner's use of that procedure. Further, a criminal defendant, who has unsuccessfully sought to suppress evidence, may take a direct appeal of that order, as of right, by filing a notice of appeal. See Ohio R. App. P. 3(A) and Ohio R. App. P. 5(A). These rules provide an adequate procedural mechanism for the litigation of Fourth Amendment claims because the state affords a litigant an opportunity to raise his claims in a fact-finding hearing and on direct appeal of an unfavorable decision.

*Id*. at 526.

In this case Howard was fully able to avail himself of the Ohio motion to suppress process. He received a hearing in the trial court and would have been able to test the result on appeal if he had not pleaded guilty. Because the Ohio process was fully complied with here, *Stone v. Powell* precludes federal habeas review of the merits of the motion to suppress.

**Conclusion**

Based on the foregoing analysis, it is respectfully recommended that the Petition be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be

permitted to proceed *in forma pauperis*.

August 25, 2020.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.
[ps