# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

MICHAEL J. HOWARD,

        Petitioner,   :   Case No. 1:19-cv-274

- vs -    District Judge Matthew W. McFarland
   Magistrate Judge Michael R. Merz

WARDEN,
  Pickaway Correctional Institution,

                          :
        Respondent.

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This habeas corpus case is before the Court on Petitioner's Objections (ECF No. 31) to the Magistrate Judge's Report and Recommendations on the merits ("Report," ECF No. 16). District Judge McFarland has recommitted the case for further analysis based on the Objections (ECF No. 32). Final decision of the case remains with Judge McFarland.

Petitioner Howard filed this case *pro se*, pleading three grounds for relief.

> **Ground One**: The trial court failed to give proper consideration and abused its discretion in denying Appellant's motion to withdraw his guilty plea.
>
> **Ground Two**: The trial court abused its discretion by sentencing Appellant to the maximum time allowed by law.
>
> **Ground Three**: The trial court abused its discretion in overruling Appellant's motion to suppress.

(Petition, ECF No. 3.)

1

The Report recommended dismissing all three grounds. Petitioner then retained counsel who filed the pending Objections. Petitioner does not object to the Report's conclusions as to Grounds One and Three and the Court may therefore adopt them without further analysis. *Thomas v. Arn*, 474 U.S. 140 (1985); *Alspugh v. Mcconnell,* 643 F.3d 162, 166 (6th Cir. 2011). The analysis in this Supplemental Report is therefore limited to Ground Two.

In his Second Ground for Relief, Howard claimed in the Petition that he was unconstitutionally sentenced to the maximum sentence allowed by Ohio law. In his Traverse, Howard did admit that the sentence imposed was within the maximum allowed by Ohio law: eight years for heroin possession (Count Three) and eighteen months for the cocaine possession (Count Four)(ECF No. 14, PageID 284).

Howard made three sub-claims: (1) that he never agreed to a sentence of nine and one-half years; (2) that the sentence was the product of judicial misconduct because the judge had participated in the plea negotiations; and (3) that eight years was not an authorized sentence for heroin possession.

The Report rejected the first sub-claim because the Fourth District found as a matter of fact, based on the trial court record, that Howard had agreed to this sentence (ECF No. 16, PageID 299). The Report rejected the second sub-claim as procedurally defaulted because it was never presented to the state courts and also without merit because there is no constitutional prohibition on judicial participation in plea negotiations. *Id.* Finally, the Report rejected the third sub-claim because the Fourth District had decided this question of Ohio law and this Court is bound by that decision. *Id.* at PageID 300, citing *Bradshaw v. Richey*, 546 U.S. 74 (2005).

In his Objections, Howard claims "that the state court rulings on Petitioner's sentence are totally unsupportable and constitute an invasion of constitutional due process which is a federal matter." (ECF No. 31, PageID 220, relying on *Mullaney v. Wilbur*, 421 U.S. 684 (1975)). Howard summarizes his argument as follows:

> The state gave Petitioner a bizarre hybrid and conditional plea offer whereby he would serve an agreed sentence of 5 1/2 years but would serve a sentence of 9 1/2 years if he did not appear for sentencing. Because the Petitioner had never spent time in prison, he panicked and failed to show up for sentencing. He was eventually apprehended and was extradited to Ohio to appear before the trial judge. The trial judge imposed a sentence of 9 ½ years. The increase in the sentence from 5 1/2 years to 9 1/2 years does not comport with the dictates of Ohio's sentencing structure embodied in R.C. 2929.11 and R.C. 2929.12 which is hereinafter explained in greater detail.

(Objections, ECF No. 31, PageID 330).

Howard expands this summary with three claims:

> **Claim One:** THE STATE APPELLATE COURT VIOLATED PETITIONER'S DUE PROCESS RIGHTS
>
> **Claim Two:** THE FACT THAT PETITIONER AGREED ON THE RECORD TO THE DUAL CONTINGENT SENTENCE DOES NOT ABSOLVE THE TRIAL JUDGE OF HIS DUTY TO IMPOSE A SENTENCE IN COMPLIANCE WITH THE STATUTES WHICH GOVERN SENTENCING IN OHIO
>
> **Claim Three:** TRIAL COURT'S IMPOSITION OF A 9 ½ YEAR SENTENCE WAS BASED UPON AN IMPERMISSIBLE FACTOR, NAMELY, FAILURE TO APPEAR

(Objections, ECF No. 31, PageID 330, 331, 332).

These Objections should be overruled in their entirety for the following reasons.

First of all, the substance of all three claims seems to be that the state courts deprived Howard of due process of law because they did not follow Ohio law related to sentencing. However, a State has no due process obligation to follow its own law. Failure to abide by state law is not itself a constitutional violation. *Roberts v. City of Troy*, 773 F.2d 720 (6th Cir. 1985). Violation by a State of its own procedural rules does not necessarily constitute a violation of due process. *Bates v. Sponberg*, 547 F.2d 325 (6th Cir. 1976); *Ryan v. Aurora City Bd. of Educ.*, 540 F.2d 222, 228 (6th Cir. 1976). "A state cannot be said to have a federal due process obligation to

3

follow all of its procedures; such a system would result in the constitutionalizing of every state rule, and would not be administrable." *Levine v. Torvik*, 986 F.2d 1506, 1515 (6th Cir. 1993).

Second, the question of whether the sentence was consistent with Ohio law is – amazingly enough – a question of Ohio law. Howard's claims that his sentence did not comport with Ohio law were either presented to the Fourth District on direct appeal or were available to be presented at that time. To the extent the claims were presented, the Fourth District found they were without merit and we are bound by that decision. *Bradshaw, supra*. To the extent those claims were not presented to the Fourth District, they are barred by Ohio's criminal *res judicata* doctrine from being presented now to the Ohio courts. *State v. Perry,* 10 Ohio St. 2d 175 (1967). The Sixth Circuit has repeatedly held the *Perry* doctrine is an adequate and independent procedural basis for refusing to hear claims on the merits. *Durr v. Mitchell*, 487 F.3d 423, 432 (6th Cir. 2007); *Buell v. Mitchell*, 274 F.3d 337 (6th Cir. 2001); *Coleman v. Mitchell*, 268 F.3d 417 (6th Cir. 2001); *Byrd v. Collins*, 209 F.3d 486, 521-22 (6th Cir. 2000); *Rust v. Zent,* 17 F.3d 155, 160-61 (6th Cir. 1994)(citation omitted); *Van Hook v. Anderson*, 127 F. Supp. 2d 899, 913 (S.D. Ohio 2001).

Howard argues he was entitled to appellate review of his sentence because it was not a recommended sentence, but "dual contingent sentences." (Objections, ECF No. 31, PageID 330). However, proper interpretation of Ohio Revised Code § 2953.08, the appellate review of sentence statute, is an Ohio statute, the correct interpretation of which is a question of Ohio law. If Howard is contending he had a constitutional right to appeal his sentence and that Ohio Revised Code § 2953.08 is somehow unconstitutional in limiting that right, there is no federal constitutional right to appeal criminal verdicts or sentences for error review. *McKane v. Durston*, 153 U.S. 684 (1894), cited as still good law in *Lopez v. Wilson,* 426 F.3d 339, 355 (6th Cir. 2005); *Halbert v. Michigan*, 545 U.S. 605 (2005). "Due process does not

4

require a State to provide appellate process at all." *Goeke v. Branch*, 514 U.S. 115, 120 (1995).

In his Claim Two, Howard asserts that the trial judge's imposition of the nine and one-half year sentence violated his due process rights because the judge had no information to support the sentence than he had had at the time of the plea other than the fact that Howard had fled the jurisdiction (Objections, ECF No. 31, PageID 332). He claims that under *State v. Mathis*, 109 Ohio St. 3d 54, 2006–Ohio–855, 846 N. E. 2d 1 (2006), the trial judge was bound to consider the sentencing factors in Ohio Revised Code § 2929.11 and 2929.12. Howard apparently believes the trial judge's conclusory recitation that he had done so – Howard calls it a "sacred incantation" -- was not enough "because no additional information was forthcoming concerning the Petitioner other than his failure to appear." (ECF No. 31, PageID 332). Howard points to no Supreme Court precedent holding that a trial judge must make explicit point-by-point findings as to state-created sentencing factors to satisfy the Due Process Clause.

Howard had agreed at the time of the plea that the appropriate sentence would be five years if he appeared for sentencing as ordered and nine and one-half years if he did not. It is undisputed that not only did he not appear, but he fled to Nevada and extradition process was required to get him back. And the judge did have additional information" -- forensically-confirmed ingestion of marijuana in violation of bond conditions.

Howard's Claim Three is that his non-appearance was not a valid sentencing factor at all, or at least to the extent that it exceeded that eighteen-month maximum sentence for violating Ohio Revised Code § 2937.99.

Howard relies on *State v. Long*, 1999 WL 94626 (Ohio App. 1ˢᵗ Dist. Feb. 26, 1999). As an Ohio appellate opinion that has not been officially reported, *Long* has no precedential value. Even if it were precedential, it does not purport to address any question of federal constitutional

law.

Howard was not charged under Ohio Revised Code § 2937.99 and, as he points out, he was not subject to being charged under that statute because he was not released on an own recognizance bond (Objections, ECF No. 31, PageID 332). Thus he says no additional sentence was justified except perhaps for contempt.

This argument ignores the fact that Howard had expressly agreed that the penalty for failing to appear would be an additional four and one-half years if he failed to appear at sentencing. Such a contingent sentence in a plea agreement may be unusual[1], but that does not make it unconstitutional.

**Conclusion**

Having reconsidered the case in light of the Objections, the Magistrate Judge again recommends that the Petition be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

December 14, 2020.

s/ *Michael R. Merz*<br>United States Magistrate Judge

---

[1] Petitioner labels it "bizzare," but provides no factual basis for the label.

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal.